IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JANN THOMAS,<br><br>    Plaintiff,<br><br>vs.<br><br>TRAVIS JOHNSON, CHASE HOME FINANCE LLC,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION<br><br><br><br>Case No. 2:10-CV-657 TS |

    This matter is before the Court on a *sua sponte* determination of jurisdiction. Having reviewed the Verified Complaint for Quiet Title and Motion for Temporary Restraining Order, the Court finds that it alleges no sufficient basis for this Court to exercise subject matter jurisdiction and, therefore, must be dismissed.

    The Complaint alleges as follows: Plaintiff is a citizen of Utah. Defendant Travis Johnson is also a citizen of Utah. Defendant Chase Home Finance LLC is a Florida corporation with a principal place of business in New Jersey. The Complaint alleges causes of action for estoppel, declaratory judgment, quiet title, and refund, and also seeks a temporary restraining

order. The Complaint alleges that this Court has jurisdiction pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1332(a). The Complaint also asserts that the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

"Inasmuch as federal courts are courts of limited jurisdiction, the court may and, in fact, has an obligation to inquire into its jurisdiction *sua sponte*."[1] Plaintiff states that the Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), which states that district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. "Under 28 U.S.C § 1332, a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000."[2] While the Complaint alleges that the amount in controversy exceeds $75,000, complete diversity does not exist between the adverse parties. As stated above, both Plaintiff and Defendant Johnson are citizens of Utah. Therefore, there is no basis for diversity jurisdiction.

Plaintiff also relies on 28 U.S.C. § 2201, the Declaratory Judgment Act, to provide jurisdiction. The Tenth Circuit has stated, however, that "[t]he Declaratory Judgment Act does not extend the jurisdiction of federal courts; it only "enlarge[s] the range of remedies available. Power to issue declaratory judgments must lie in some independent basis of jurisdiction."[3] Thus, without some independent basis for jurisdiction, Plaintiff's reliance on the Declaratory Judgment

---

[1] *Koerpel v. Heckler*, 797 F.2d 858, 861 (10th Cir. 1986).

[2] *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006).

[3] *Prier v. Steed*, 546 F.3d 1209, 1212 (10th Cir. 2006).

Act is flawed. Here, Plaintiff's only other basis for jurisdiction is diversity which, as set forth above, is not present here. Further, the Complaint alleges no federal question jurisdiction under 28 U.S.C. § 1331.

It is therefore

ORDERED that this matter be DISMISSED for lack of subject matter jurisdiction.

DATED   July 20, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge